```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
SHAHEEN NAMVARY,                                                :
on behalf of himself and all others similarly situated,         :
                                                                :
                                Plaintiff,                      :      24-cv-6787 (LJL)
                                                                :
        -v-                                                     :      ORDER
                                                                :
CARTER'S INC., DOES 1–50,                                       :
                                                                :
                                Defendants.                     X
---------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

Defendant Carter's Inc. ("Defendant") moves, pursuant to 28 U.S.C. § 1404, to transfer this case to the United States District Court for the Northern District of Georgia. Dkt. No. 19. Plaintiff does not oppose the motion. Dkt. No. 26. The motion is granted.

Section 1404 of Title 28 allows the Court to transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, "[i]n deciding whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 212 (S.D.N.Y. 2024) (citation omitted). Subsequently, the Court must determine whether the moving party has shown that "the balance of convenience favors transfer." *Id.*

This action could have been brought in the Northern District of Georgia because Defendant has its principal place of business in Georgia. Dkt. No. 5 ¶ 61. The balance of convenience also favors transfer. Three district court cases are currently pending which allege

similar claims against Defendant: this case, one in the Central District of California, and one in the District of Oregon. Dkt. No. 20 at 2. Plaintiffs in all three cases are represented by common counsel. *Id.* In denying a motion to consolidate the three cases for pretrial proceedings, the United States Judicial Panel on Multidistrict Litigation stated that the cases could be "informally coordinat[ed]," and noted that Plaintiffs "do not oppose centralization in the Northern District of Georgia." Dkt. No. 18 at 1–2. Plaintiffs have not opposed the request to transfer this case. Dkt. No. 26. Therefore, Plaintiff's original choice of forum in New York is of little weight, and transfer to the Northern District of Georgia is warranted for the convenience of the parties and witnesses and trial efficiency. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (describing factors relevant to a motion to transfer).

Defendant's motion to transfer is GRANTED. This case is hereby TRANSFERRED to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

The Clerk of Court is respectfully directed to close Dkt. Nos. 19 and 22.

SO ORDERED.

Dated: March 31, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2